a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOE THOMAS VALLEJO #193724,<br>Plaintiff | CIVIL DOCKET NO. 5:22-CV-00149<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| JULLIAN WHITTINGTON ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by pro se Petitioner Joe Thomas Vallejo ("Vallejo"). Vallejo is a pretrial detainee at the Bossier Parish Medium Security Jail in Plain Dealing, Louisiana. Vallejo claims that he is receiving ineffective assistance of counsel and inadequate protection from Covid-19. He seeks a release from jail and monetary damages.

Because Vallejo's claim regarding the conditions of his confinement must be raised in a civil rights complaint and he has not exhausted the habeas claim, the § 2241 Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

Vallejo states that he is charged with monetary instrument abuse, and those charges remain pending. He alleges that the public defender failed to make a "reasonable argument" at his arraignment. ECF No. 1 at 2.

1

Vallejo also claims that the Bossier Maximum Security Jail, where he was previously housed, is overly crowded and conditions are unsanitary. For example, he alleges that soap is not distributed, and there is no Barbicide for barber tools. ECF No. 1 at 6. Therefore, he seeks a release from custody, the implementation of more Covid-19 protective measures, and $185,000 in damages.

## II. Law and Analysis

Federal law provides two distinct avenues to relief for claims related to confinement: the petition for writ of habeas corpus and the civil rights action for equitable or monetary relief. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

"Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it

cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935.

Vallejo seeks, in part, monetary damages and injunctive relief due to the conditions of his confinement. Such relief cannot be obtained through a § 2241 petition and must be sought through a civil rights complaint under 42 U.S.C. § 1983. *See Muhammad*, 540 U.S. at 750. Vallejo already filed a § 1983 Complaint based on the conditions of his confinement, and that case remains pending. 5:21-CV-147 (W.D. La.).

Moreover, Vallejo is no longer housed at the Bossier Maximum Security Jail. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

Vallejo also requests to be released from custody due to the allegedly inadequate performance of his public defender at his arraignment. A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Saucier v.*

*Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. 1995). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court. Vallejo's Petition does not indicate that he filed a state habeas petition or sought any review beyond the 26th Judicial District Court where his criminal charges are pending. ECF No. 1. Therefore, he has not fully exhausted.

III. <u>Conclusion</u>

Because Vallejo's claim regarding the conditions of confinement must be raised under § 1983, and he has not exhausted his habeas claim, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 14, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE